UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6183-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHNNY HURTADO,

    Defendant,

and

INTERNATIONAL FIDELTY,

    Corporate Surety.
_____/

NIGHT BOX FILED
NOV 2 0 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### MOTION FOR REVOCATION AND ESTREATURE AND FOR ENTRY OF A FINAL JUDGMENT OF FORFEITURE OF CORPORATE SURETY APPEARANCE BOND

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Florida, moves this Court to revoke and estreat the corporate surety appearance bond and enter a Final Judgment of Forfeiture of Appearance Bond in favor of plaintiff and against defendant Johnny Hurtado and International Fidelity, corporate surety, in the amount of $$50,000. Plaintiff will rely in support hereof upon the annexed Memorandum of Law.



**MEMORANDUM OF LAW**

**REQUEST FOR ESTREATURE**

1. On July 3, 2000, defendant Johnny Hurtado and International Fidelity, executed a corporate surety appearance bond on behalf of the defendant in the sum of $50,000 to guarantee the defendant's appearance as ordered by the Court.

2. The defendant Johnny Hurtado has not honored the terms of the appearance bond in that Johnny Hurtado failed to appear for Trial.

3. An arrest warrant was issued and the defendant Johnny Hurtado remains a fugitive, but it does not formally appear from the record that an order revoking and estreating the appearance bond was entered.

4. The provisions of Fed. R. Crim. P. 46(e)(1), provide that: "If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail." It has been held that the revocation or forfeiture required by these provisions is mandatory, even though it may later be set aside under the further provisions of Paragraph (e). United States v. Stanley, 601 F.2d 380 (9th Cir. 1979); Smith v. United States, 357 F.2d 486, 490 (5th Cir. 1966); Wright, Federal Practice & Procedure: Criminal 2d §776. No notice to the defendant or surety concerning the failure to appear or action for estreature is required, even though such notice is required in connection with a subsequent motion for appearance bond forfeiture judgment. United States v. Vera-Estrada, 577 F.2d 598 (9th Cir. 1979); United States v. Marquez,

-2-

564 F.2d 379, 381 (10th Cir. 1977).

5.   Plaintiff therefore moves the Court to revoke and estreat the appearance bond as to the defendant and surety.

### REQUEST FOR BOND FORFEITURE JUDGMENT

6.   The provisions of Fed. R. Crim. P. 46(e)(3) permit the Court, upon motion, to enter judgment as to any bond previously estreated and not subsequently set aside, and further provide that the obligors on the bond submit to jurisdiction and irrevocably appoint the Clerk of Court their agent for service of process when they execute the bond.

7.   It is clear that upon failure of a bailed defendant to appear as required the surety becomes absolutely obligated to the United States for the full amount of the bond, and that the government is not required in its motion to prove the amount of its expenses as a result of the breach.  United States v. Foster, 417 F.2d 1254, 1256 (7th Cir. 1969); United States v. Caro, 56 F.R.D. 16, 20 (S.D. FL 1972); Wright, Federal Practice and Procedure: Criminal 2d § 776.

**WHEREFORE**, the United States of America moves this Court to enter a Final Judgment of Forfeiture of Appearance Bond as to the aforesaid defendant and corporate surety in the sum of $$50,000,

together with interest as prescribed by 28 U.S.C. § 1961, and the costs of this action.

                         Respectfully submitted,

                         GUY A. LEWIS
                         UNITED STATES ATTORNEY

BY: _____
BRUCE O. BROWN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 999490
500 E. Broward Blvd., 7th FL
Ft. Lauderdale, Florida 33394
Telephone (954) 356-7255
Fax No. (954) 356-7336

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this ____ day of November, 2001, to:

Johnny Hurtado, 925 Market Street, West Palm Beach, FL 33401

William I. Sheppard, Agent for International Fidelity, 220 S.E. 12th Street, Ft. Lauderdale, FL 33316

James Eisenberg, 250 Australian Avenue South, Ste. 704, West Palm Beach, FL 33401

International Fidelity, Att: Bond Dept., 1 Newark Center, 20th FL, Newark, NJ 07102

_____
BRUCE O. BROWN
ASSISTANT UNITED STATES ATTORNEY